UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRINEO JULAJ a/k/a SERGIO, CESAR MAYOR, and EFRAIN MAYOR,<br><br>Plaintiffs,<br><br>v.<br><br>TAU ASSOCIATES LLC d/b/a TAU ASSOCIATES and LEK TAUTHONG,<br><br>Defendants. | Civil Action No. 12-1464 (ES)<br><br>**OPINION** |

<u>**SALAS, DISTRICT JUDGE**</u>

Pending before the Court are two motions: (1) Plaintiffs Irineo Julaj, Cesar Mayor, and Efrain Mayor's (collectively, "Plaintiffs") Motion for Default Judgment ("Default Judgment Motion"), (D.E. No. 13); and (2) Defendants Tau Associates LLC ("Tau Associates") and Lek Tauthong ("Tauthong"), (collectively, "Defendants") Cross-Motion to File Answer Out of Time and Opposition to Plaintiffs' Motion for Default Judgment ("Cross-Motion"), (D.E. No. 14). For the reasons set forth below, the Plaintiffs' Default Judgment Motion is DENIED, and the Defendants' Cross-Motion is GRANTED.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs bring suit against Defendants, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs commenced this action on March 9, 2012. (Complaint, D.E. No. 1). Plaintiffs served summonses on Defendants on March 14, 2012. (Certificates of Service, D.E. Nos. 3-4).

Defendants did not timely answer, and the Clerk of the Court entered default against Defendants on September 25, 2012.

On September 27, 2012, Tauthong made an Application for Appointment of Pro Bono Counsel. (D.E. No. 9). While the Application for Appointment of Pro Bono Counsel was pending, Plaintiffs moved for default judgment on January 4, 2013. (D.E. No. 13). Defendants were required to answer the default judgment motion by January 22, 2013. L. Civ. R. 78.1(a). Instead, on January 29, 2013, Defendants filed their Cross-Motion. (D.E. No. 14). On the same date, Magistrate Judge Mannion denied Tauthong's Application for Appointment of Pro Bono Counsel. (D.E. No. 15).

## II. DISCUSSION

### A. Noncompliance with Local District Court Rules

In opposition to Plaintiffs' Motion for Default Judgment, Defendants filed a cross-motion, titled "Cross-Motion to File Answer Out of Time and Opposition to Plaintiff's Motion for Default Judgment." (D.E. No. 14). Plaintiffs argue that the Cross-Motion is procedurally defective because it was improperly labeled, untimely, and did not comply with Local Civil Rules. (Memorandum of Law in Opposition to Defendants' Cross-Motion For Permission to File an Answer Out of Time ("Opp. to Cross-Motion") 2-4, D.E. No. 16).

Although it is entirely within this Court's discretion to deny the Cross-Motion for failure to comply with the Local Civil Rules, it is also within this Court's discretion "to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it." *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.*, No. 09-731, 2010 WL 1379804, at *3 (D.N.J. Mar. 30, 2010) (citation & quotation marks omitted).

"Enforcement of local district court rules therefore must be tempered with due consideration of the circumstances of the dispute." *Id.* (citation & quotation marks omitted).

As an initial matter, the Court acknowledges that Defendants could have labeled their Cross-Motion properly to clearly set forth the relief they are seeking. However, the Court will construe Defendants' motion as a motion to vacate the default judgment and for leave to file an answer out of time. (*See* Defendant's [sic] Response to Plaintiff's [sic] Opposition to Defendants' Cross-Motion for Permission to File an Answer Out of Time ("Cross-Motion Reply") 1, D.E. No. 18 ("Defendants believed that by filing a request to file an Answer out of time it is presumed that the vacating of the default is part and parcel of that request.")).

The Court also notes that Defendants failed to respond to Plaintiffs' Default Judgment Motion in a timely fashion. L. Civ. R. 7.1(d)(7) ("The Court may reject any brief or other paper not filed within the time specified."). However, this Court will relax this local rule because Defendants' Application for Pro Bono Counsel was issued and denied on the same day that Defendants filed their Cross-Motion. Under the circumstances, a one-week delay in filing the Cross-Motion did not prejudice Plaintiffs. *See Cannon v. Bradbury Burial Vault Co.*, No. 09-4612, 2011 WL 6257146, at *1 n.1 (D.N.J. Dec. 14, 2011) (excusing cross-motion filed one week out of time where "there is no evidence of prejudice to the Plaintiff and the Plaintiff has fully briefed opposition to the Defendant's cross-motion.")

Moreover, Defendants' submission also violates Local Civil Rules 7.1(d)(1) and 7.1(e) for failure to file the moving papers in accordance with Local Civil Rule 7.2 and for failure to submit a proposed form of order, respectively. In the interest of justice and expediency, this Court will not deny Defendants' Cross-Motion based on these procedural deficiencies. The

Court notes that it does not take these violations lightly and cautions Defendants that in the future, strict compliance with the Local Civil Rules is expected.

Thus, notwithstanding Defendants' flagrant departure from the Local Civil Rules, this Court will consider Defendants' Cross-Motion on the merits.

### B. Default Judgment Motion and Cross-Motion

The entry of default and default judgment is governed by Federal Rule of Civil Procedure 55. To obtain a default judgment pursuant to Rule 55(b), the moving party must first obtain an entry of default pursuant to Rule 55(a). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). After obtaining entry of default, parties are not entitled to the subsequent entry of default judgment as of right; rather, it is within the discretion of the court whether to enter default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). An entry of default may be vacated "for good cause." Fed. R. Civ. P. 55(c).

Courts in the Third Circuit consider three factors when determining whether to vacate an entry of default: (1) whether defendant appears to have a meritorious defense; (2) whether the default is the result of culpable conduct of the defendant; and (3) whether prejudice to plaintiff will result if default is denied. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). There is a strong preference in this Circuit for resolving contentious cases in favor of setting aside a default and reaching a decision on the merits. *Hritz*, 732 F.2d at 1181; *see also Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). After the Court vacates default, the Court may extend a defendants time to answer for "good cause shown." Fed. R. Civ. P. 6(b).

i. **Meritorious Defense**

The first factor, whether defendant has asserted a meritorious defense, is a threshold issue in determining whether to vacate a default. *Cardinali v. Spartan Auto Repair & Tire Ctr.*, No. 88-1964, 1989 WL 5816, at *1 (D.N.J. Jan. 19, 1989). A meritorious defense is one that "if established at trial, would constitute a complete defense." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984). To make this showing, defendants "must provide more than simple denials or conclusory statements; rather, they must allege specific facts as the grounds of their defense." *Jackson Hewitt, Inc. v. Semo Tax Servs., Inc.*, No. 11-662, 2011 WL 6826013, at * 3 (D.N.J. Dec. 28, 2011) (internal citation omitted).

In this case, Plaintiffs allege that Defendants violated several provisions of the FLSA. (*See* Complaint ¶¶ 88-102). Specifically, Plaintiffs assert that they were employed by Defendants and Defendants failed to pay them overtime compensation for the hours worked in excess of forty hours in a work week. (*Id*. at ¶ 100). In addition, Plaintiffs claim that Defendants failed to pay Plaintiffs at a minimum hourly rate. (*Id*. at ¶ 96). Defendants submit that the Plaintiffs were not employees, but rather worked as independent contractors and were paid on a *per diem* basis for their work. (Cross-Motion 2; Declaration of Lek Tauthong in Opposition to Plaintiff's [sic] Motion and in Support of Defendants' Cross-Motion ¶ 3; Cross-Motion Reply ¶ 5). This assertion, if established at trial, would insulate Defendants from the federal requirements of the FLSA, and would thus constitute a complete defense. 29 U.S.C. § 203(e)(1) (defining "employee" as an "individual employed by an employer"); *see also Luxama v. Ironbound Exp., Inc.*, No. 11-2224, 2013 WL 3286081, at *8 (D.N.J. June 27, 2013) (dismissing complaint where the six-factor test demonstrated that Plaintiffs were independent contractors and therefore were not protected by the FLSA); *Cahill v. City of New Brunswick*, 99

F. Supp. 2d 464, 471 (D.N.J. 2000) (noting that non-employees would not be covered by the FLSA). For this reason, Defendants have a meritorious defense that "if established at trial, would constitute a complete defense." *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

### ii. Defendants' Culpability

The second factor requires the Court to determine whether the default is the result of culpable conduct or merely "excusable neglect" on the part of the defendant. *Cardinali*, 1989 WL 5816, at *2. Culpable conduct is defined as action taken willfully or in bad faith. *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Excusable neglect is found where "a demonstration of good faith on the part of the party seeking [vacatur shows] some reasonable basis for noncompliance within the time specified." *Jackson Hewitt Inc.*, 2011 WL 6826013, at *3. The showing of excusable neglect must be supported by facts affirmed by a person with personal knowledge. *Admiral Home Appliances v. Tenavision, Inc.*, 585 F. Supp. 14, 15 (D.N.J. 1982) (holding that affidavits of defense counsel rather than defendant himself were insufficient to support a finding of excusable neglect), *aff'd*, 735 F.2d 1347 (3d Cir. 1984).

Here, Defendants argue that they "sought pro bono counsel from the Court but same was denied" and that "it was not until recently that Defendants were able to borrow sufficient funds to hire an attorney." (Cross-Motion 1). Plaintiffs contend that Defendants failed to offer any basis for their delay and that Defendants have been represented by counsel "since before Plaintiffs made their motion for default." (*Id.*).

Defendants proffered that they applied for pro bono counsel, and up until January 29, 2013, that application was pending. (Cross-Motion 1). Furthermore, even if Defendants obtained representation before Plaintiffs filed their motion for default judgment on January 4, 2013, the Court finds that this delay does not amount to bad faith. (Opp. to Cross-Motion 6-7).

While Defendants' application for pro bono counsel was pending, Defendants were trying to hire an attorney to litigate the case on the merits. Thus, the Court is satisfied that the Defendants' default was not the result of the culpable conduct, but rather the product of "excusable neglect."

### iii. Prejudice

The third factor, prejudice to the plaintiff, exists where a defendant is judgment-proof or where "there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Itche Corp. v. G.E.S. Bakery, Inc.*, No. 08-3103, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008) (citation omitted). In contrast, no prejudice exists where the plaintiff contributed to the delay in proceedings, *Chamberlain*, 210 F.3d at 164, or where plaintiff is able to bring the claim in another court, *Hritz,* 732 F.2d at 1182 n.3. Significantly, the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice required to satisfy this element. *Best Sign Sys. v. Chapman*, No. 09-5244, 2010 WL 3025166, at *2 (D.N.J. July 30, 2010).

Here, Plaintiffs explain that they have been prejudiced because they "spent considerable time and expense in filing a motion for a default judgment." (Opp. to Cross-Motion 4-5). As noted above, the additional expense and inconvenience of a delayed trial on the merits do not give rise to prejudice. *Best Sign Sys.*, 2010 WL 3025166, at *2. Therefore, this factor, too, weighs in favor of vacating the entry of default against Defendants.

Thus, each of the relevant factors weigh in favor of setting aside default. The Court will vacate the entry of default and grant Defendants an extension of time to answer the Complaint. Because the Court vacates the entry of default, the Court denies Plaintiffs' Motion for Default Judgment.

## III. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Default Judgment against Defendants is DENIED. Defendants' Cross-Motion is GRANTED, setting aside the entry of default against Defendants and granting leave to file an Answer within 10 days of this Opinion. An Order accompanies this Opinion.

Dated: September 3, 2013

*s/Esther Salas*
**Esther Salas, U.S.D.J.**